

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-51,110-02

### EX PARTE LARRY HATTEN, Applicant

### ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
### IN CAUSE NO. 95-CR-3244-H IN THE 347TH JUDICIAL DISTRICT COURT
### NUECES COUNTY

*Per curiam.*

### O R D E R

In February 1996, a jury found applicant guilty of the offense of capital murder.

*See* TEX. PENAL CODE § 19.03(a).  Based on the jury's answers to the statutory

punishment questions, the trial court sentenced him to death.[1]  An initial writ of habeas

corpus application was filed in the trial court on December 31, 1997.  On direct appeal,

this Court affirmed applicant's conviction but reversed his death sentence.  *Hatten v.*

---

[1] *See* Art. 37.071.  Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

*State*, No. AP-72,302 (Tex. Crim. App. Apr. 29, 1998)(not designated for publication). The trial court did not act on the writ application, and it was not properly forwarded to this Court at that time.

In December 1998, a new jury again answered the punishment questions in such a way that the trial court sentenced applicant to death. This Court affirmed the new sentence on direct appeal, and we denied applicant relief on his new habeas application filed pursuant to this new sentence. *Hatten v. State*, No. AP-72,302 (Tex. Crim. App. June 20, 2001)(not designated for publication), and *Ex parte Hatten*, No. WR-51,110-01 (Tex. Crim. App. Jan. 9, 2002)(not designated for publication).

On August 18, 2003, this Court received a document entitled the "State's Motion to Dismiss Original Application as Moot," which this Court granted without order on the same day it was received, and the writ application was dismissed. However, on October 13, 2014, the Court, on its own motion, reconsidered its ruling on the motion to dismiss and the subsequent dismissal of the 1997 writ application and reinstated the writ application and remanded it to the trial court to comply with the dictates of Article 11.071 as it pertained to allegations affecting the guilt portion of applicant's trial. *Ex parte Hatten*, Nos. WR-51,110-02 and WR-51,110-03 (Tex. Crim. App. Oct. 13, 2014)(not designated for publication). The Court ordered the trial court to resolve the claims raised in the application and return the case to this Court within 180 days from the date of the order. *Id*. On April 29, 2015, the Court granted a 180-day extension of its October 13,

2014 order. The grant of the extension made the case due in our Court on or before October 8, 2015.

It has now been almost a year and a half since the case was due to be returned to this Court. Accordingly, we order the trial court to complete its work in the case within 60 days of the date of this order. The record shall immediately thereafter be forwarded to this Court. Any extensions of time shall be requested by the trial judge, or on his or her behalf, and obtained from this Court.

IT IS SO ORDERED THIS THE 29TH DAY OF MARCH 2017.

Do Not Publish